CB(DOJ)/BR

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
DEC 12 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY KM DEP CLK

No. 5:14-CR-287-1H

UNITED STATES OF AMERICA )
 )
v. ) CRIMINAL INFORMATION
 ) Fed. R. Crim. P. 7
ALPHIN BROTHERS, INC. )

THE UNITED STATES CHARGES:

COUNT ONE
*(Lacey Act false record and aiding and abetting)*

1. Federal regulations require seafood retailers to provide customers with notice of the country of origin and the method of production (wild-caught or farm-raised) of shrimp and other shellfish. 7 C.F.R. Part 60. These regulations are known by the acronym COOL for "country of origin labeling."

2. The COOL regulations allow country of origin and method of production information to be provided in any format, as long as it is placed in a conspicuous location such that it will likely be read and understood by a customer under normal circumstances. 7 C.F.R. § 60.300. Many shrimp processors and wholesale distributors print country of origin and/or method of production information directly on packaging, such as boxes, intended for retail sale.

3. Under the COOL regulations, shrimp may be labeled as "product of the United States" only if they were harvested and processed in the United States or by a United States-flagged vessel

and have not undergone any substantial transformation outside the United States. 7 C.F.R. § 60.128, 60.200(e). Packing, repacking, thawing, freezing, cleaning, peeling, deveining, grading, cooking, or soaking shrimp in sodium tripolyphosphate solution does not constitute a substantial transformation under the COOL regulations.

4. The Lacey Act Amendments of 1981, Title 16, United States Code, Sections 3371 *et seq.* (the "Lacey Act"), make it unlawful for a person to knowingly make or submit any false record, account, or label for, or any false identification of, any fish or wildlife that has been or is intended to be imported, transported, purchased, or received from any foreign country, or transported in interstate or foreign commerce. 16 U.S.C. §§ 3372(d), 3373(d)(3).

5. Shrimp, whether alive or dead, and including any part or product thereof, are "fish or wildlife" for purposes of the Lacey Act. 16 U.S.C. § 3371(a).

6. ALPHIN BROTHERS, INC. ("ALPHIN BROTHERS"), defendant herein, was a processor and wholesale distributor of frozen meat and seafood, including shrimp, based in Dunn, North Carolina.

7. "A.P." was employed by ALPHIN BROTHERS as a buyer and salesman. Pope acted on behalf of ALPHIN BROTHERS, within the scope of his employment and with the intent to benefit ALPHIN BROTHERS at least in part, by his conduct alleged in this Criminal Information.

8. As part of his job, "A.P." bought and sold shrimp on behalf of ALPHIN BROTHERS. "A.P." bought and sold both domestic shrimp - *i.e.*, shrimp caught in the United States or by a United States vessel - and also shrimp that had been imported into the United States from other countries, such as Mexico, Venezuela, and Ecuador. "A.P." sold shrimp to customers in the United States, including other wholesalers as well as retail operations, and arranged for transportation of the shrimp to customers.

9. As more specifically alleged below, in December 2008 and January 2009, "A.P." directed ALPHIN BROTHERS employees to process and repackage shrimp which "A.P." knew to be farm-raised imported shrimp into boxes falsely labeled as wild-caught product of the United States. "A.P." then sold the falsely labeled shrimp and arranged for its transportation to customers in Louisiana.

10. In or about December 2008 and January 2009, the exact dates being unknown, "A.P." directed ALPHIN BROTHERS employees at the company's facility in Dunn, North Carolina, to repack approximately 13,450 pounds of farm-raised shrimp that had been imported into the United States from Ecuador and elsewhere, into boxes bearing the brand name Uncle Jock and falsely labeled as wild-caught product of the United States.

11. On or about December 23, 2008, "A.P." sold approximately 4,000 pounds of falsely labeled Uncle Jock brand 36-40 count shrimp to a customer in Delcambre, Louisiana, for $14,600.00.

12. On or about December 30, 2008, "A.P." sold approximately 1,450 pounds of falsely labeled Uncle Jock brand 31-35 count shrimp a customer in Delcambre, Louisiana, for $5,437.50.

13. On or about December 30, 2008, "A.P." caused to be shipped approximately 5,450 pounds of falsely labeled Uncle Jock brand 31-35 and 36-40 count shrimp to a customer in Delcambre, Louisiana.

14. On or about January 30, 2009, "A.P." sold and caused to be shipped approximately 8,000 pounds of falsely labeled Uncle Jock brand 31-35 count and 36-40 count shrimp to a customer in Delcambre, Louisiana, for $30,400.00.

OFFENSE CONDUCT

In or about December 2008 and continuing to in or about January 2009, in the Eastern District of North Carolina and elsewhere, ALPHIN BROTHERS, INC., defendant herein, acting through its employee and agent "A.P.", did knowingly make and submit, and cause to be made and submitted, a false record, account, label for, and false identification of fish and wildlife, namely shrimp, with a market value greater than $350, that had been imported, transported, purchased, and received from a foreign country, and that had been and was intended to be transported in interstate commerce, such conduct involving the sale and purchase of, offer of sale and purchase of, and commission of an act with intent to sell and purchase such shrimp, in that "A.P." directed and caused ALPHIN

BROTHERS employees to falsely label approximately 13,450 pounds of farm-raised imported shrimp as wild-caught product of the United States, at the ALPHIN BROTHERS processing facility in Dunn, North Carolina, such shrimp being intended for sale and transportation in interstate commerce to Louisiana, and did aid and abet other persons in so doing.

All in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A), and Title 18, United States Code, Section 2.

FORFEITURE NOTICE

The defendant is given notice of the provisions of Title 16, United States Code, Section 3374, and Title 28, United States Code, Section 2461, that all of their interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses as alleged in this Criminal Information, the defendant shall forfeit to the United States all fish or wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, United States Code, Sections 3372 and 3373, as charged in Count One of this Criminal Information.

The forfeitable property includes, but is not limited to, 25,640 pounds of shrimp identified in Count One of this Criminal Information, having a market value of at least $98,993.50.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property,

All in accordance with Title 16, United States Code, Section 3374.

SAM HIRSCH
Assistant Attorney General
Department of Justice
Environment & Natural Resources Division

BY: COLIN L. BLACK
Trial Attorney
Environmental Crimes Section

THOMAS G. WALKER
United States Attorney

BY: BANUMATHI RANGARAJAN
Assistant United States Attorney
Criminal Division